Teresa S. Renaker (State Bar No. 187800)
Renaker Hasselman LLP
235 Montgomery St., Suite 944
San Francisco, CA 94104
Phone: (415) 653-1733
teresa@renakerhasselman.com

James P. Keenley (State Bar No. 253106)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095
jkeenley@bkkllp.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| HAROLD BARLING, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UEBT RETIREE HEALTH PLAN, UFCW & EMPLOYERS BENEFIT TRUST FUND, and BOARD OF TRUSTEES OF THE UFCW & EMPLOYERS BENEFIT TRUST,<br><br>Defendants. | Case No.: 3:14-cv-04530 (VC)<br><br>~~[PROPOSED]~~ **FINAL ORDER AND JUDGMENT CONFIRMING CERTIFICATION OF SETTLEMENT CLASS, FINALLY APPROVING SETTLEMENT, APPROVING PAYMENT OF CASE CONTRIBUTION AWARD TO PLAINTIFF, AND APPROVING PAYMENT OF FEES AND COSTS TO CLASS COUNSEL** |

The Court, having considered the submissions of the parties and the presentations at the June 23, 2016 fairness hearing, hereby GRANTS Plaintiff's Motion for Final Approval of Proposed Class Action Settlement (Doc. 87) and Plaintiff's Motion for Award of Attorneys' Fees

and Expenses and Award of Case Contribution Payment to Plaintiff and it is ORDERED as follows:

    **1.**    **Class Certification.** The settlement class meets the requirements of Fed. R. Civ. P. 23(a). The class is sufficiently numerous, consisting of more than 7,000 members. The commonality requirement is met in that the class claim for benefits turns on the interpretation of terms in the Defendant Plan, which govern benefits for all class members. Likewise, Plaintiff's claims are typical of the claims of the class because all class members have the identical claim regarding the application of the Plan. Plaintiff is an adequate class representative on this claim, having no interests different from those of the class with respect to this claim.

    The settlement class is maintainable under Fed. R. Civ. P. 12(b)(1) because the interpretation of the Plan terms governs all class members' benefits. Therefore, inconsistent adjudications on this point would establish incompatible standards for the administration of the Plan, and an interpretation as to one class member would effectively control the claims of all class members.

    Therefore, this case shall be maintained as a class action for settlement purposes on behalf of the following class of plaintiffs:

    All retired Medicare-eligible participants in the Defendant Plan whose Plan benefits were reduced by deductibles and/or co-insurance payments at any time between October 1, 2010 and February 28, 2013.

    With respect to the following cause of action:

    Claim for benefits pursuant to ERISA § 502(a)(1)(B), alleging that the Plan was not permitted to reduce the benefits of Medicare-eligible retirees by application of deductible and co-insurance requirements prior to March 1, 2013.

    **2.**    **Class Representative; Class Counsel.** Harold Barling is confirmed as class representative and Renaker Hasselman LLP and Bolt Keenley Kim LLP are confirmed as counsel for the class.

    **3.**    **Exclusion**. Class members may not exclude themselves from the class.

**4.     Class Settlement.** The settlement between the plaintiff class and the Defendants, which is filed with the Court at Docket No. 77-1, is a reasonable, fair, and adequate resolution of this litigation.  Notice was properly provided to the class members and a fairness hearing was conducted on June 23, 2016.  No class member has objected to the settlement, the settlement amount reflects the strength of Plaintiff's case and the risks and costs of continued litigation, and class counsel's experienced views strongly support the settlement.  Accordingly, the settlement is hereby approved and class counsel is directed to ensure compliance with its terms, which are summarized as follows:

- **Creation of Settlement Fund.** A settlement fund of $800,000 will be established.

- **Settlement Administration.** Class counsel's selection of the settlement administrator was obtained through a reasonable and diligent bidding process.  The proposed costs and fees to be paid to the settlement administrator are reasonable. Accordingly, class counsel is hereby authorized to direct payment of up to $53,646 from the settlement fund to the settlement administrator.

- **Allocation of Settlement Fund.** The settlement administrator will allocate the settlement fund, with interest and net of costs of settlement administration, among the class members in proportion to each class member's incurred liability for deductibles and co-insurance as stated by the Plan Administrator, except that any class member whose incurred liability is less than $5 will not receive an allocation.

- **Settlement Payments.** The settlement administrator will mail checks to the class members within 30 days after it receives the settlement fund.

- **Uncashed Checks.** Settlement checks will expire 90 days after issuance. The value of expired checks will revert to the Plan. The settlement administrator will provide class counsel with a report of uncashed checks at 30 days, 40 days, 60 days, 75 days and 90 days after issuance. At 45 days after mailing, the settlement administrator will begin live calls to class members with uncashed checks.  The Settlement administrator will call up to 3500 class members in order of the check amount, from highest to lowest.  If the initial round of calls is

fewer than 3500 calls, then class counsel may direct additional calls following the reports at 60 days and/or 75 days, up to a total of 3500 calls.

- **Released Claims.** Upon the effective date of the settlement, Mr. Barling and the class members release any claims against Defendant based on the facts, claims, transactions, and allegations in the complaint and arising before final approval.

5. **Class Representative Contribution Payment.** Plaintiff and class counsel have requested approval of a $10,000 case contribution payment to Mr. Barling, to be paid by Defendants separate from the settlement fund. This amount has been transferred by Defendants to class counsel's client trust account. This amount reflects the substantial time and costs incurred by Mr. Barling to pursue the litigation on behalf of the class. Class counsel is authorized to direct payment of the $10,000 to Mr. Barling.

6. **Attorneys' Fees and Costs.** Plaintiff and class counsel seek an award of $175,000 in fees and costs to be paid by Defendants separate from the settlement fund. This is a reasonable amount, both when considered against class counsel's lodestar fees and when considered as a percentage of the total recovery, and it reflects class counsel's substantial commitment of time and resources to the case and is hereby approved. Defendants are ordered to make payment of $175,000 to class counsel in accordance with the terms of the settlement agreement.

7. **Jurisdiction.** Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction over the parties, including the class members, for the purpose of construing, enforcing, and administering the settlement.

8. **Final Judgment.** Final judgment shall be entered herein.

IT IS SO ORDERED.
Dated: __June 23_____, 2016

_____
VINCE CHHABRIA
United States District Judge